**WARNOCK, MACKINLAY & CARMAN, P.L.L.C.**
1019 South Stapley
Mesa, Arizona  85204
(480) 898-9239
James N. MacKinlay, State Bar No. 018074
jay@mackinlaylawoffice.com
**Attorneys for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SANDRA CARPENTER-DIXON, both individually and as personal representative of the Estate of Robert P. Dixon, deceased<br><br>            Plaintiff,<br>     vs.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a corporation,<br><br>            Defendant. | Case No.:<br><br>COMPLAINT |

Plaintiff, by and through undersigned counsel, and for her cause of action against Defendant, alleges as follows:

### JURISDICTION

1) Plaintiff is a citizen of this County and State.

2) Defendant The Prudential Insurance company of America ("Prudential") is a validly existing insurance company licensed and carrying on business as an insurer in Maricopa County, Arizona.

3) This action concerns an insurance policy entered into in this County and State and Prudential's failure to pay benefits to Plaintiff.

4) This matter arises pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). As such, the court has jurisdiction pursuant to 29 U.S.C. §1132(e).

### FACTS

5) Robert P. Dixon ("Robert") was formerly an employee of National Semiconductor Corp ("NSC").

6) At all relevant times, NSC provided Robert, with a life insurance policy issued by Prudential ("the Policy"), as an employee benefit.

7) Robert died on or about June 5, 2009. At his death, Robert was a resident of the State of Arizona,.

8) Plaintiff is Robert's surviving spouse. Plaintiff is also the duly appointed personal representative of the Estate of Robert P. Dixon, having been appointed as such by the probate division of Maricopa County Superior Court in Case No. PB2009-090526.

9) On information and belief, Plaintiff is the named beneficiary under the Policy.

10) Prudential owes Plaintiff fiduciary duties.

11) Plaintiff became legally entitled to the Policy benefits at Robert's death on or about June 5, 2009.

12) On or about July 12, 2010, Plaintiff made a claim against Prudential for life insurance benefits.

13) On or about July 29, 2010, Prudential acknowledged receipt of the claim but stated that it required an "extension of time to properly evaluate this claim." At such time, Prudential further stated that it anticipated "making a determination on this claim within 30 days."

14) Thereafter, despite repeated demands for payment, Prudential has failed and refused to pay the benefits to which Plaintiff is entitled.

15) Prudential has failed to provide Plaintiff with any explanation as to what additional steps are necessary for Prudential to process this claim or for Plaintiff to enforce her rights.

16) Prudential has no legal basis to refuse to pay the benefits to Plaintiff.

17) Plaintiff has exhausted all remedies to pursue the claims for benefits under the Policy.

18) By failing to communicate with Plaintiff as set forth above, Prudential has waived the right to require Plaintiff to comply with any additional administrative steps to recover benefits under the Policy.

19) Further, given Prudential's failure to communicate with Plaintiff, it would be futile for Plaintiff to pursue any additional administrative steps against Prudential.

20) Plaintiff is entitled to obtain the Policy.

21) Plaintiff is entitled to know what additional steps must be taken before she receives benefits under the Policy.

22) Pursuant to 29 U.S.C. §1132(a), Plaintiff is entitled to recover the benefits due under the Policy.

23) Pursuant to 29 U.S.C. §1132(a), Plaintiff is entitled to enforce her rights under the Policy.

24) Pursuant to 29 U.S.C. §1132(a), Plaintiff is entitled to clarification as to her rights for any future benefits under the Policy.

25) Plaintiff is entitled to all accrued benefits due, plus interest from the earliest date due until paid in full.

26) To the extent an actual justiciable controversy exists between the parties, Plaintiff is entitled to a declaration from this Court confirming that Plaintiff is entitled to the benefits.

27) Plaintiff is entitled to an injunction against Prudential's improper refusal to pay benefits.

28) Prudential has breached fiduciary duties owed to Plaintiff.

29) Plaintiff has been damaged by Prudential's breach of fiduciary duties.

30) Plaintiff is entitled to damages pursuant to 29 U.S.C. §1132.

31) Plaintiff is entitled to recover attorney's fees and costs against Prudential pursuant to 29 U.S.C. §1132(g).

**WHEREFORE**, Plaintiff is entitled to judgment in her favor and against Defendants as follows:

A. For payment of the benefits under the Policy, plus interest from the earliest date due until paid in full;

B. To the extent an actual justiciable controversy exists between the parties, for a declaration confirming that Plaintiff is entitled to benefits under the Policy;

C. For an injunction against Prudential's improper refusal to pay benefits;

D. For damages sufficient to compensate Plaintiff as a result of Prudential's breach of fiduciary duties;

E. For attorney's fees and costs; and

F. For such other and further relief as the court may deem just and equitable.

DATED this 1st day of August, 2011.

**WARNOCK, MACKINLAY & CARMAN, P.L.L.C.**

By  /s/ James N. MacKinlay                .
    James N. MacKinlay
    Attorneys for Plaintiffs

## VERIFICATION

Sandra Carpenter-Dixon, being first duly sworn, deposes and says:

1. I am the Plaintiff in the captioned action;

2. I have read the foregoing Complaint and know the content thereof;

3. I verify under penalty of perjury, pursuant to Rule 80(i), A.R.C.P., that the content thereof is true and correct of my own knowledge, except as to those matters stated upon information and belief and, as to those, I believe them to be true.

Further affiant sayeth naught.

DATED: 7-28-11

_____
Sandra Carpenter-Dixon