IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Carpenter-Dixon, both Individually and as personal Representative of the Estate of Robert P. Dixon,<br><br>Plaintiff,<br><br>vs.<br><br>The Prudential Insurance Company of America; Samantha Carpenter,<br><br>Defendant,<br><br>vs.<br><br>Samantha Carpenter,<br><br>Third-Party Defendant. | No. CV11-1508-PHX-JAT<br><br>**ORDER** |

This case concerns entitlement to life insurance policy proceeds from policy number G-94230-CA (the "Policy") issued by Defendant The Prudential Company of America ("Prudential") under a group life insurance policy. The parties – Plaintiff Sandra Carpenter-Dixon, both individually and as personal representative for the Estate of Robert P. Dixon (the "Insured"), Defendant Prudential, and Third-Party Defendant Samantha Carpenter – filed a Stipulation of settlement and dismissal on January 12, 2010.  (Doc 15.)

The parties have stipulated (Doc. 15-1) as follows:

1. Within twenty-one (21) days of the date of this Order, Prudential shall deliver to Gunn McKay, Esq., Gunn McKay Attorney at Law, 1019 South Stapley Drive, Mesa, Arizona, 85204, a check or checks payable to "Samantha Carpenter, and Gunn McKay Attorney at Law Attorney Trust Account" in the amount of $310,880.00, which Prudential represents to be the entire death benefit due under the Policy as a consequence of the Insured's death, plus applicable claim interest, if any.

2. Upon delivering the payment as described in paragraph above, Prudential shall be, and hereby is, discharged from any and all liability to Sandra Carpenter-Dixon, both individually and as personal representative of the Estate of the Insured, and Samantha Carpenter relating to the Policy and/or the death benefit due under the Policy as a consequence of the death of the Insured, and Sandra Carpenter-Dixon, both individually and as personal representative of the Estate of the Insured, and Samantha Carpenter are permanently enjoined from bringing any action or proceeding in any forum, or making any further actual or implied claims, demands and causes of action, asserted or unasserted, liquidated or unliquidated, against Prudential arising out of, in connection with, or relating to the Policy and/or the death benefit due thereunder as a consequence of the death of the Insured.

3. Sandra Carpenter-Dixon, both individually and as personal representative of the Estate of the Insured, and Samantha Carpenter do therefore release, remise and forever disclaim all claims, rights, interests and actions that they might otherwise have held against Prudential with respect to the Policy and/or the death benefit due thereunder as a consequence of the death of the Insured. Each party agrees to hold harmless and release Prudential and its present and former parents, subsidiaries and affiliated corporations, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries, and administrators from all claims related to the Policy and/or the death benefit due thereunder as a consequence of the death of the Insured, and any claim interest, if any, in conformity with the relief requested herein.

Pursuant to the foregoing stipulations,

1    **IT IS ORDERED** that on February 13, 2012, the Clerk shall dismiss the Complaint
2  and Third-Party Complaint in this matter with prejudice and without costs or attorneys' fees
3  as to any party, unless prior to that date a party files notice of Prudential's failure to make
4  payment of the death benefit as described above or some other reason for reinstating this case
5  on the Court's active docket.

6    **IT IS FURTHER ORDERED** that counsel for Defendant Prudential shall serve a
7  copy of this Order upon all parties within five (5) days of the date of this Order.

8    DATED this 12th day of January, 2012.

James A. Teilborg
United States District Judge